Fred H. ROTH, Executor of the Estate of Louis Lange, Deceased, Plaintiff,

v.

Russell A. WELCH, District Director of Internal Revenue, Cincinnati, Ohio, Defendant.

Civ. A. No. 4153.

United States District Court
S. D. Ohio, W. D.

April 8, 1960.

Robert P. Goldman, James D. Long, Cincinnati, Ohio, for plaintiff.

Hugh K. Martin, U. S. Atty., Richard H. Pennington, Asst. U. S Atty., Cincinnati, Ohio, for defendant.

DRUFFEL, District Judge.

1. The plaintiff, Fred H. Roth, is a citizen of the State of Ohio and a resident of the Southern District of Ohio, Western Division thereof, and is and was at all the times hereinafter stated the executor of the estate of Louis Lange, Deceased, who died a resident of the City of Cincinnati in Hamilton County, Ohio, on the 14th day of May, 1954.

2. The defendant, Russell A. Welch, was at the time the complaint herein was filed and at all the times herein stated the duly appointed, qualified and acting District Director of Internal Revenue, in Cincinnati, Ohio, and was at the time the complaint was filed a resident of the Southern District of Ohio, Western Division thereof.

3. This case is one arising under the law providing for internal revenue and is one, therefore, which this court has jurisdiction over, Title 28, United States Code, Section 1340 (62 Stat. 932), and Title 28, United States Code, Section 1346(a) (1), as amended.

4. The plaintiff filed the estate tax return (Form 706) for the estate of Louis Lange with the defendant at the office of defendant in Cincinnati, Ohio, on July 5, 1955, and paid to the defendant the amount of estate tax due, as shown by said return, in the amount of $12,333.-12 on July 8, 1955. No portion thereof has been refunded or credited. A copy of said estate tax return is attached to the Stipulation of Facts filed herein on the 12th day of December, 1958, and made a part thereof marked Exhibit "A".

5. By letter dated December 26, 1956, received by plaintiff December 27, 1956, the Commissioner of Internal Revenue asserted additional estate taxes in the amount of $25,458.36 against the plaintiff. A copy of said letter is attached to the said Stipulation of Facts and made a part thereof marked Exhibit "B".

6. The plaintiff paid the defendant said asserted additional estate tax in the amount of $25,458.36 on or about January 24, 1957, together with $2,206.39 interest from August 14, 1955. No portion thereof has been refunded or credited.

7. Plaintiff filed with the defendant a claim for refund of estate tax in the amount of $21,423.80 and interest thereon on or about July 2, 1957. A copy of said claim is attached to said Stipulation of Facts and made a part thereof marked Exhibit "C".

8. Defendant notified plaintiff by letter sent by registered mail dated January 28, 1958, that said claim for refund in the amount of $21,423.80 was disallowed in full.

9. At the time of his death the decedent, Louis Lange, was the owner of 544 shares of Common Stock, 124 shares of 6% First Preferred Stock, and 112 shares of 6% Second Preferred Stock of A. G. Schwab & Sons, Inc., an Ohio corporation. These shares were valued on the return filed at $7.50, $100 and $50 per share, respectively. In his deficiency letter of December 26, 1956, the defendant erroneously valued said shares at $30, $100 and $100 per share, respectively.

The fair market values of said shares are $7.50 per share for the Common Stock, $100 per share for the 6% First Preferred Stock and $50 per share for the 6% Second Preferred Stock, as set forth in the estate tax return filed by the plaintiff on July 8, 1955. This is conceded by defendant.

10. Plaintiff, after the death of Louis Lange, paid the amount of $114.16 in additional 1954 personal property taxes to the State of Ohio. This payment, which was made on September 21, 1955, became necessary because in his personal property tax return filed by the decedent prior to his death he had inadvertently failed to list various stocks which he owned on January 1, 1954, which had no income yield during the year 1953. The Department of Taxation for the State of Ohio after his death made an assessment in the amount of $114.16, which was paid, as aforesaid. This is properly deductible as a debt of the estate. This is conceded by defendant.

11. There will be additional reasonable attorneys' fees and legal expenses, over and above the amount set forth in plaintiff's federal estate tax return, in the amount of at least $5,000, which should be allowed as a deduction by the defendant in determining the plaintiff's federal estate tax.

12. The aggregate amount of $337,-700.21 was included in the estate tax return of the Estate of Louis Lange, in Schedule I, as the value at the date of his death of property inherited by him from the estate of his brother, Sidney Lange, who died on May 9, 1952, most of which had been previously taxed in the estate of Sidney Lange. Defendant in his letter dated December 26, 1956, increased such amount by $259.76, which increase was properly made.

13. The aggregate amount of $321,-169.14 was claimed in the estate tax return in Schedule I as the finally determined value of property previously taxed in the prior estate of Sidney Lange (the amount otherwise deductible) prior to proportionate reduction. Defendant in

his letter dated December 26, 1956, decreased such amount to $300,391.08. The latter amount ($300,391.08) is the correct value of the property previously taxed in the prior estate (the amount otherwise deductible) prior to proportionate reduction.

14. There were also included in the estate tax return of the decedent property owned jointly by the decedent and Rubie S. Lange, his wife, with right of survivorship, in the amount of $1,500 in Schedule E, and life insurance in the amount of $85,561.39 in Schedule D payable directly to his widow, Rubie S. Lange. These two items were included in full in computing the marital deduction (Schedule M). Neither of these items was inherited from the estate of decedent's brother, Sidney Lange, nor was either of these items subject to general claims for the purpose of application of Section 812(c) of the Internal Revenue Code of 1939, 26 U.S.C. § 812 (c).

15. In computing the proportionate reduction of the deduction otherwise allowable for property previously taxed, the defendant erroneously included the amount of $87,061.39 (comprised of the aforesaid amounts of $1,500 and $85,561.-39 included in the marital deduction but not allocable to or payable out of the property previously taxed) with the exemptions, debts and expenses of administration and the items included in the marital deduction which were allocable to and payable out of the property previously taxed. Such amount of $87,061.39 should not have been included with the exemptions, debts and expenses of administration and the items included in the marital deduction which were allocable to and payable out of the property previously taxed.

16. There is, therefore, due and owing the plaintiff from the defendant on account of federal estate tax and interest thereon erroneously and illegally assessed and collected the sum of $21,423.80, together with interest at the rate of 6% per annum from August 14, 1955 to date of payment, as shown by the computation attached to the claim for refund referred to in paragraph 7 hereof, which the Court finds is correct.

Conclusions of Law

Upon the basis of the facts in this case the Court concludes:

1. This case is one arising under a law providing for internal revenue and is one over which this Court has jurisdiction under Title 28, United States Code, Section 1340 (62 Stat. 932), and Title 28, United States Code, Section 1346(a) (1), as amended.

2. The plaintiff is entitled to a refund of estate tax from the defendant on account of the over-valuation of the shares of Common Stock, 6% Preferred Stock and 6% Second Preferred Stock of A. G. Schwab & Sons, Inc. by defendant, as set forth in paragraph numbered 9 of the Findings of Fact.

3. The plaintiff is further entitled to a refund of estate tax from the defendant by reason of plaintiff's payment of $114.16 in additional 1954 personal property taxes to the State of Ohio after the death of Louis Lange, as this amount is properly deductible as a debt of the estate and was not included in the plaintiff's federal estate tax return filed on July 5, 1955.

4. Plaintiff is further entitled to a refund of estate tax from the defendant by reason of additional attorneys' fees and legal expenses in the amount of at least $5,000 for services rendered in connection with the filing of the claim for refund of estate tax and the bringing and prosecuting of this suit for refund of estate tax, which is a deductible item not included in the federal estate tax return filed by the plaintiff on July 5, 1955.

5. The deduction otherwise allowable for property previously taxed should not be proportionately reduced by any portion of the amount of $87,061.39, comprised of $1,500 jointly owned property and $85,561.39 proceeds of life insurance included in the marital deduction but not allocable to or payable out of the property previously taxed in the estate of Sidney Lange, deceased.

6. Section 812(c) of the Internal Revenue Code of 1939, which is applicable in this case, must be interpreted reasonably and sensibly to accomplish its purpose to prevent a double deduction of property previously taxed, as determined from the legislative history and in the light of the subsequent regulations promulgated by the Commissioner of Internal Revenue and particularly Reg. 105, Sec. 81.41(b) (3).

7. Plaintiff is entitled to judgment against the defendant in the sum of $21,423.80, together with interest at the rate of 6% per annum from August 14, 1955, to date of payment, and for its costs in this case, plus any additional amount of refund of estate tax, with interest, that may be due and payable because of expenses and reasonable attorneys' fees incurred in this litigation in excess of the amount previously determined herein.