Fred H. ROTH, Ex'r Estate of Louis Lange, Deceased, Plaintiff-Appellee,

v.

Russell A. WELCH, District Director of Internal Revenue, Defendant-Appellant.

No. 14322.

United States Court of Appeals Sixth Circuit.

June 5, 1961.

Loring W. Post, Dept. of Justice, Washington, D. C. (Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, A. F. Prescott, L. W. Post, Attys., Dept. of Justice, Washington, D. C., Hugh K. Martin, U. S. Atty., Richard H. Pennington, Asst. U. S. Atty., Cincinnati, Ohio, on the brief), for appellant.

Robert P. Goldman, Cincinnati, Ohio (Harry Stickney, James D. Long, Paxton & Seasongood, Cincinnati, Ohio, on the brief), for appellee.

Before MARTIN, CECIL and O'SULLIVAN, Circuit Judges.

ORDER.

This is an appeal from the United States District Court for the Southern District of Ohio, Western Division. Fred H. Roth, Executor of the Estate of Louis Lange, Deceased, plaintiff-appellee, recovered a judgment in that court against the defendant-appellant, Russell A. Welch, District Director of Internal Revenue, in the sum of $23077.-67, with interest at 6% per annum, from January 24, 1957, until paid and for costs to be hereinafter taxed by the Clerk. In addition thereto the plaintiff-appellee was to recover any additional amount of refund of estate tax, with interest, that may be due and payable because of expenses and reasonable attorneys' fees incurred in this litigation in excess of the amount previously determined herein.

The pertinent facts were stipulated and agreed to by the parties.

The litigation in the District Court involved the refund of estate taxes and arose out of a conflict between the parties as to how to calculate the reduction of the deduction allowed for tax purposes, of that portion of the decedent's estate which had been previously taxed in a prior estate. The subject of this dispute concerned a portion of the marital deduction amounting to $87,061.39 which was composed of $85,561.39, the proceeds of life insurance paid to widow of deceased, and $1,500 in jointly owned bonds passing to such widow. This portion of the marital deduction is not allocable to that part of the estate previously taxed, is not subject to claims against the taxpayer's estate, nor will any portion of the previousy taxed estate be distributed in payment of it to the widow.

The issue is whether that portion of the marital deduction amounting to such $87,061.39 should be included in the total marital deduction provided for in subdivision (e) of section 812 of the Internal Revenue Code of 1939, 26 U.S.C. A. § 812(e), which, together with the exemption and deductions provided for respectively in subdivisions (a), (b) and (d) of said section, make up the amount of the multiplier in the formula specified in sub-section (c) in order to determine the amount of a reduction of the deduction for property previously taxed.

Upon consideration of the applicable statute and its history, the record before the Court, the briefs and oral arguments of counsel, the Court finds that the judgment of the District Court is correct and should be affirmed. (Opinion, Findings and Conclusions of District Judge Druffel reported at 183 F. Supp. 559.)

It is therefore ordered and adjudged that the judgment of the District Court be and it is hereby affirmed.